**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERTO NARANJO, on behalf of himself and all others similarly situated, | : |
| | : |
| Plaintiffs, | : **OPINION** |
| | : |
| v. | : Civ. No. 2:13-00792 (WHW) |
| | : |
| VISION FINANCIAL CORPORATION, | : |
| | : |
| Defendant. | : |
| | : |

**Walls, Senior District Judge**

     Defendant moves for judgment on the pleadings. Because Plaintiff has failed to respond, the motion has been decided from the written submissions of Defendant and is decided without oral argument under Federal Rule of Civil Procedure 78(b). The motion is granted.

### PROCEDURAL AND FACTUAL HISTORY

     On February 8, 2013, Plaintiff brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") against Defendant. Compl. (ECF No. 1). Plaintiff brings the claim on behalf of himself as well as a putative class of New Jersey residents who also received collection letters or notices from Defendant. *Id.* ¶ 17. Plaintiff received from Defendant a demand letter dated February 7, 2012, alleging that he owed $3,407.01. *Id.* ¶ 12. This letter included the following paragraph:

          Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. *If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the*

1

NOT FOR PUBLICATION

> *judgment and mail you a copy of such a judgment or verification.*
> If you request this office in writing within 30 days after receiving
> this notice, this office will provide you with the name and address
> of the original creditor if different from the current creditor.

Compl. ¶ 14 (quoting Compl. Ex. A).[1] Plaintiff claims that the second sentence of that paragraph

violated 15 U.S.C. § 1692g(a)(4) and § 1692e(10) because it "failed to inform" him that in order

to dispute the debt "he must notify Defendant in writing that 'the debt, or any portion thereof, is

disputed.'" Compl. ¶¶ 15, 20.

On May 13, 2013, Defendant answered the complaint. ECF No. 6. On September 17,

2013, Defendant moved for judgment on the pleadings, followed by two motions for leave to cite

additional authority in support of that motion, both granted by Magistrate Judge Waldor. ECF

Nos. 7-11. Defendant argues that the sentence at issue has been "explicitly or implicitly approved

in over 90 reported decisions," going back as far as 1981. Def.'s Mot. for J. on the Pleadings at 1

(ECF No. 7). It asserts that the letter is "not open to more than one reasonable interpretation,"

even under the "least sophisticated debtor" standard. *Id.* at 1-2.

Plaintiff has not responded to Defendant's motion. Because this motion has been

unopposed for more than six months, the Court will address it based on Defendant's motion and

its own review of the case law.

**STANDARD OF REVIEW**

A motion under Rule 12(c) is decided under the same standards which apply on a motion

to dismiss for failure to state a claim under Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938

F.2d 427, 428 (3d Cir. 1991). Under that standard, the court is required to "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

---

[1] This or other language included to comply with 15 U.S.C. § 1692g is sometimes referred to as
the "validation notice." *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008).

**NOT FOR PUBLICATION**

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (2007) (citations omitted). Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.* at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In considering the plaintiff's claims, the Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (3d ed. 2014). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

NOT FOR PUBLICATION

## DISCUSSION

### I.     Failure to Oppose

Under certain circumstances, a district court may be within its right to grant an

unopposed motion, "'particularly if the party is represented by an attorney.'" *Jones v.*

*Unemployment Compensation Bd. of Review*, 381 Fed. App'x 187, 189 (3d Cir. 2010) (quoting

*Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29 (3d Cir. 1991)). Still, it is generally disfavored to

dismiss a case without an analysis of the merits. *Id.*

Defendant filed its motion for judgment on the pleadings on September 17, 2013. ECF

No. 7. Plaintiff's opposition was due October 7, 2013; it is now over six months late. On

November 1, 2013, the Court spoke by telephone with an administrative assistant in the offices

of Plaintiff's attorney about the missed deadline; the attorney never called back. Given that it is

disfavored to dismiss a case without reviewing the merits, the Court proceeds based on

Defendant's submission and the Court's own review of the law.

### II.     The FDCPA Standard

The FDCPA requires a debt collector's written notice to a consumer to contain "a

statement that if the consumer notifies the debt collector in writing within the thirty-day period

that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the

debt or a copy of a judgment against the consumer and a copy of such verification or judgment

will be mailed to the consumer by the debt collector." 15 U.S.C. 1962g(a)(4) (2014). The statute

also provides that, as a general matter, "[a] debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt," § 1692e

(2014) including, as example, "[t]he use of any false representation or deceptive means to collect

or attempt to collect any debt or to obtain information concerning a consumer," § 1692e(10). The

**NOT FOR PUBLICATION**

statute provides for a private cause of action against "any debt collector who fails to comply with any provision" of the FDCPA. *Id.* § 1692k.

"Because the FDCPA is a remedial statute, [courts] construe its language broadly so as to effect its purpose" and "analyze communications from lenders to debtors from the perspective of the 'least sophisticated debtor.'" *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-54 (3d Cir. 2006) (citations omitted)). Though the "least sophisticated debtor" standard is generous, and lower than that of a "reasonable debtor," it nonetheless requires the debtor to exhibit "a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013) (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)). This standard "does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008). The language of the debt collection notice is not required to quote the statute verbatim. *Wilson v. Mattleman, Weinroth & Miller*, No. 13-cv-0237 (JEI), 2013 WL 2649507, at *3 (D.N.J. June 12, 2013) (quoting *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir. 1989)).

### III.   Application

#### A.  Plaintiff fails to state a claim under 15 U.S.C. § 1692g(a)(4)

Plaintiff has failed to state a claim. The general precepts of the law cited earlier are enough to support this conclusion, but a recent case from the Seventh Circuit dealing with a very similar validation notice in a debt collection letter is instructive as well.

**NOT FOR PUBLICATION**

In *Gruber v. Creditors' Protection Service, Inc.*, plaintiffs in four separate district court cases had challenged a demand letter where, as here, the second sentence of the "validation notice" omitted the phrase "that the debt, or any portion thereof, is disputed." 742 F.3d 271, 273 (7th Cir. 2014).[2] Hearing the four cases consolidated on appeal, the Seventh Circuit summarized plaintiffs' argument as amounting to a claim that the notice "directs the consumer to request verification instead of directing the consumer to dispute the debt." *Id.* The court concluded that the argument did not hold water for two reasons. First, because a request for verification is simply a way of disputing the debt, the distinction between "verify" and "dispute" carried no legal weight. *Id.* at 274. Second, it agreed with the four lower courts that the "most natural" reading of the second sentence is, "if you object to our allegation that you owe this debt, we'll send you proof that you owe it." *Id.*

Here, too, the second sentence simply means, "If you object to our allegation that you owe this debt, we'll send you proof that you owe it." The fact that the second sentence says "[i]f you notify this office" and not "if you notify this office that the debt, or any portion thereof, is disputed" is immaterial. The only plausible reading of the letter Plaintiff received is that the notification of the second sentence is the notice of dispute in the first sentence. Because a consumer must read debt collection notices "in their entirety," the two sentences must be read together, not in isolation. *Campuzano-Burgos*, 550 F.3d at 299.

That is the reading even the least sophisticated consumer would take. Defendant's letter to Plaintiff adequately informed him that he could dispute the debt or request its verification, as required by 15 U.S.C. § 1692g(a)(4). Judgment on this basis is granted.

---

[2] The only difference between these two sentences as they appeared in the *Gruber* letters and the letter in this case is that, in *Gruber*, the phrase "in writing" appeared in the first sentence instead of the second. That distinction has no legal significance for present purposes.

NOT FOR PUBLICATION

### B.  Plaintiff fails to state a claim under 15 U.S.C. § 1692e(1)

Plaintiff does not point to any basis for its claim under 15 U.S.C. § 1692e(1) distinct from his basis for his claim under 15 U.S.C. § 1692g, the allegedly misleading second sentence of the validation notice. As the Court has already held, nothing about that sentence is misleading.

"A communication is deceptive for purposes of the Act if 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Campuzano-Burgos*, 550 F.3d at 298 (quoting *Rosenau*, 539 F.3d at 222 (internal citation omitted)). Analysis under the other statutory protections is probative: "When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155 (reversing district court but quoting this language from that opinion with approval).

The second sentence of the collection notice cannot reasonably be read to have two or more different meanings. The notification in the second sentence undeniably refers to the notice of dispute in the first sentence. Judgment on this basis is granted, too.

### CONCLUSION

Defendant's motion for judgment on the pleadings is granted with prejudice.

May 13, 2014

/s/ William H. Walls
United States Senior District Judge